Hawkins J.,
delivered the opinion of the Court.
It appears, from the record, that the complainant, on the 10th of September, 1866,- filed his bill in the Chancery Court at Sparta, which was sworn to; and in which, among other things, he prayed that an injunction issue, restraining the prosecution of a suit at law, in which the defendant was plaintiff, and the complainant was defendant.
To this bill the defendant filed a demurrer, setting forth several causes of demurrer. Upon the hearing of the cause upon the demurrer, the Chancellor being of opinion the demurrer was well taken, allowed the same, and dismissed the bill. Afterwards, and on the same day, as appears from a separate and subsequent entry in the record, it is stated in substance, the defendant’s demurrer having been sustained to complainant’s bill, the complainant thereupon moved the Court for leave to amend his bill, and presented his amended bill, and swore to the same before the Chancellor; and moved the Court for leave to file the same as an amendment to the original bill, which was refused; and alone, from this action of the Chancellor in refusing to give leave to file said bill, the complainant has appealed to this Court. The record shows leave was not asked to amend the original bill until after the decree of the Court had been pronounced sustaining the defendant’s demurrer *553 thereto; and, therefore, the application was too late. The demurrer was to the whole bill; it had been allowed, and the bill dismissed.
“ It frequently happens, that, upon the argument of a demurrer, the Court, when the ground for demurring can be removed by amendment, has, in order to avoid putting the plaintiff to the expense of filing a new bill, instead of deciding upon the demurrer, gives the plaintiff liberty to amend his bill, on payment of the cost incurred by the defendant; because, after a demurrer allowed to the whole bill, the bill is so completely out of Court, that no amendment can take place: 1 Dan. Chan. Prac., 482. “ So, at any time before a demurrer is allowed, the plaintiff may amend the bill:" Story’s Eq. Pld., sec. 891.
No excuse whatever, is given for not incorporating the proposed amendment into the original bill; and we think there is no error in the decree of the Chancellor refusing the amendment.
It is true, that, during the same term of the Court, at which the decree sustaining the demurrer and dismissing the bill, was pronounced, upon a proper application, the Chancellor could have set aside that decree and permitted the bill to have been amended, but no such application was made.
Upon the whole, we think there is no error in the decree of the Chancellor refusing the amendment, and it must, therefore, be affirmed.